UNITED STATES DISTRICT COURT
                            DISTRICT OF MAINE


UNITED STATES OF AMERICA       )
                               )
v.                             )        No. 2:10-mj-179-JHR
                               )        **SEALED**
DUSTIN GILBERT,                )
                               )
         **Defendant**         )


**RECOMMENDED DECISION ON DEFENDANT'S COMPETENCY TO STAND TRIAL**

On November 9, 2010, I granted the parties' joint motion for a mental examination of the defendant pursuant to 18 U.S.C. §§ 4241(a) and (b) and 4247(b) and (c) to determine whether he was competent to stand trial. *See* Docket Nos. 11, 21. On January 19, 2011, over the defendant's objection, I granted the government's motion for a 15-day extension to complete its forensic evaluation of the defendant. *See* Docket Nos. 22-25.

On November 17, 2010, in anticipation of the defendant's transfer to a Bureau of Prisons medical facility for evaluation, he was transferred from the Cumberland County Jail in Portland, Maine, to the Strafford County Jail in Dover, New Hampshire. *See* Docket No. 24 at [1]. On December 3, 2010, he was transferred to the Federal Medical Center in Ayer, Massachusetts ("FMC-Devens"), where he was evaluated until January 11, 2011. *See id.* at [2]. He was subsequently returned to the Strafford County Jail.

On or about February 9, 2011, I received the report dated February 3, 2011, of FMC-Devens forensic psychologist Shawn E. Channell, Ph.D., ABPP, relaying his opinion that (i) the defendant's ability to understand the nature and consequences of the proceedings against him and his ability to appropriately assist in his defense are significantly impaired by symptoms of

1

Bipolar I Disorder, (ii) commitment for further evaluation and treatment for restoration of competency pursuant to 18 U.S.C. § 4241(d) might allow the defendant to become stabilized on medication and gain a level of competency that would allow him to proceed with his case, and (iii) involuntary treatment with medication might be needed to restore the defendant to competency.

On February 23, 2011, I held a conference with counsel, following which I presided over a hearing pursuant to 18 U.S.C. §§ 4241(c) and 4247(d) during which the defendant, his counsel, and counsel for the government were present.

During the pre-hearing conference, counsel for both sides expressed agreement with the conclusions and recommendations of Dr. Channell. The defendant's counsel explained at some length why he took this position despite his client's strenuous protestations that he does not suffer from a mental illness and is competent to stand trial, and why, as counsel, he deemed it inappropriate, and not in his client's best interests, to take instructions from him on this matter at this time. The defendant's counsel described a meeting with his client on February 14, 2011, at the Strafford County Jail during which he found the defendant to be flagrantly delusional, with the defendant having insisted that it is legal in New Hampshire to throw urine on correctional officers, having informed counsel that he obtained that information by telepathic communication with a friend, having attempted to communicate with the friend telepathically in counsel's presence, and having stated that he was a longtime CIA operative, a fact that he said could be verified in a Social Security Index housed at the Portland Public Library. The defendant's counsel also stated that the defendant's family has expressed great concern that the defendant's condition has been untreated.

The defendant's counsel advocated, without objection from the government, for the immediate transfer of his client from the Strafford County Jail, a correctional facility, where he is being held in a small, windowless cell without psychiatric treatment, to FMC-Devens, a facility capable of providing psychiatric care and treatment. The government's counsel stated that both she and the defendant's counsel participated in a conference call with Dr. Channell during which Dr. Channell recommended that the defendant be transferred immediately to FMC-Devens and advised that, if the defendant's condition were deemed serious enough upon intake, emergency involuntary treatment could be undertaken without a court order. The government's counsel added that Dr. Channell advised that, in the absence of either an emergency or the defendant's cooperation, a court order would be required for involuntary medication. Counsel indicated that they would separately file forthwith a joint motion for the defendant's immediate transfer to FMC-Devens or other such suitable facility, and they have now done so, and I have granted the same. *See* Docket Nos. 29, 31.

During the hearing in open court, the government offered, and I admitted without objection, a copy of Dr. Channell's report. Both counsel advocated for the court's adoption of Dr. Channell's conclusions and recommendations. I also permitted the defendant to speak. He strongly objected to any conclusion that he suffers from a mental illness or is incompetent to stand trial. Consistent with Dr. Channell's report, I observed the defendant to be an intelligent but highly troubled individual. He understood the nature of the charges against him and the roles of key players in the judicial process, yet he also spoke of a conspiracy at the jail to place cocaine in inmates' food and displayed intemperate and volatile behavior in court.

Based on the findings and recommendations in Dr. Channell's report, counsel's agreement with those findings and recommendations, the defendant's counsel's report of his visit

3

with his client on February 14, 2011, and my own observations of the defendant in court on February 23, 2011, I conclude, and recommend that the court find, that it is shown by a preponderance of the evidence that the defendant is incompetent to stand trial.

Should the court agree, I further recommend that it **ORDER** that:

1. The defendant be committed to the custody of the Attorney General for a reasonable period of time, not to exceed 120 days, to receive treatment for his mental disease or defect in an effort to render him competent and of capacity to permit the proceedings in this case to go forward, as is mandatory upon an initial finding of incompetency to stand trial, *see, e.g.*, 18 U.S.C. § 4241(d); *United States v. Ferro*, 321 F.3d 756, 761 (8th Cir. 2003); and

2. Pursuant to 18 U.S.C. § 3161(h)(1)(A), this period of commitment be excluded from the time within which the trial of any offense must commence.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within ten (10) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 23rd day of February, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge